**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ERNESTOR S. MARTINEZ | ) | |
| | ) | |
| Petitioner, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 05-3415-MLB |
| | ) | |
| STATE OF KANSAS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

This matter comes before the court on respondents' motion to strike a traverse filed by petitioner. (Doc. 29.) Petitioner has failed to respond. Pursuant to Local Rule 7.4, respondents' motion is GRANTED as an uncontested motion. Although the local rule indicates that further elaboration on the court's decision need not be provided, the court concludes that some discussion is appropriate.

This is a habeas case arising under 28 U.S.C. § 2254. Petitioner is represented by counsel, who filed the habeas petition at issue in this case. (Doc. 1.) The petition raised a single ground for relief - that petitioner received ineffective assistance of counsel in his state criminal trial. Id. at 6. The entirety of petitioner's facts supporting this claim for relief were as follows:

> a) Trial counsel failed to meet with petitioner which left him without benefit of counsel during a critical stage of the proceedings.
> 1) Trial counsel failed to request an independent mental evaluation of the alleged victim.
> 2) Trial counsel failed to meet with petitioner to properly prepare him to testify.
> a) [sic] Trial counsel was ineffective for failing to argue that the court was violating his

>             rights under the confrontation clause by not
>             allowing admission of the experts [sic] opinion
>             on whether or not the alleged victim would
>             consent to sex out of the desire for acceptance.

<u>Id.</u>

Respondents filed an answer addressing, as best they could, the issues raised in the petition. (Doc. 13.) Then, petitioner filed a document denominated "Traverse," but which is, in fact, a memorandum of law in which he seeks to supply the facts and argument that he should have provided in his petition. (Doc. 28.) In his traverse, petitioner provides almost seven pages of factual narrative and another six pages of legal argument. (Doc. 28.) None of this material was provided in his original petition. Additionally, petitioner's traverse raises a new ground for relief - that the Kansas Court of Appeals' decision regarding his Confrontation Clause claims was an unreasonable application of Supreme Court precedent. <u>Id.</u> at 11-13.

Respondents moved to strike the traverse, arguing that the contents thereof violated the court's order circumscribing the permissible contents of a traverse. (Doc. 29.) In a previous order, the court authorized petitioner to file a traverse "admitting or denying, under oath, all factual allegations" contained in the answer and return. (Doc. 8 at 2.) It is indisputable that petitioner's traverse failed to comply with that order.

Respondents further maintain that petitioner's counsel, Mr. Holland, has developed a pattern of reserving his legal arguments until he files a traverse, thereby depriving respondents of a meaningful opportunity to respond to the real issues being raised by

habeas petitioners whom Mr. Holland represents. (Doc. 29 at 2.)

Indeed, a review of the dockets for the cases upon which respondents rely for this allegation reveal precisely the pattern to which respondents here object. In <u>Peterman v. McKune</u>, No. 05-3441-JAR, Mr. Holland filed a petition containing no legal argument. <u>Peterman</u>, (Doc. 1). After respondents filed their answer, Mr. Holland then filed a lengthy traverse containing his first real effort at providing arguments in support of the petition. <u>Id.</u>, (Doc. 21). Respondents promptly moved to strike the traverse, and that motion is still pending. <u>Id.</u>, (Doc. 22).

Similarly, in <u>Bourne v. State</u>, No. 05-3363-JAR, Mr. Holland followed the same pattern. His petition recited minimal facts and was devoid of legal argument. <u>Id.</u>, (Doc. 1 at 5-7). Respondents answered, <u>id.</u>, (Doc. 16), after which Mr. Holland filed his memorandum of law disguised as a traverse. <u>Id.</u>, (Doc. 26). Notably, the traverse in <u>Bourne</u> was filed <u>after</u> Mr. Holland was already placed on notice of the impropriety of his actions by respondents' motion to strike in <u>Peterman</u>. Compare <u>Peterman</u>, (Doc. 22 (showing respondents' motion to strike filed on August 16, 2006), <u>with</u> <u>Bourne</u>, (Doc. 26 (showing Mr. Holland's traverse filed on September 28, 2006, more than a month after the motion to strike in <u>Peterman</u>).

Now the court finds that this pattern is being repeated here. The traverse in this case was filed on October 18, 2006 - over two months after Mr. Holland was first placed on notice that his actions were improper, and almost a month after he repeated this tactic in <u>Bourne</u>.

The Rules Governing Section 2254 Cases in the United States

District Courts contemplate that there will be a petition and an answer.  Rules 2, 5.  The petition must include <u>all</u> the facts supporting each ground for relief.  Rule 2(c)(2).  The rules suggest that there will ordinarily be no need for a reply (historically referred to as a traverse), but that one may be authorized by the court.  Rule 5(e) & advisory committee's note ("Rule 5 (and the general procedure set up by this entire set of rules) does not contemplate a traverse to the answer, except under special circumstances.")

While the rules do not require a petitioner to include legal argument in his petition, it is beyond cavil that if he intends to make any arguments, they must be included in the petition.  <u>See</u> <u>Loggins v. Hannigan</u>, 45 Fed. Appx. 846, 849-50 (10th Cir. Aug. 28, 2002).  Courts routinely refuse to consider arguments first raised in a habeas traverse.  <u>See, e.g.</u>, <u>id.</u>; <u>United States v. Sangs</u>, 31 Fed. Appx. 152 (5th Cir. Dec. 11, 2001) (same result under 28 U.S.C. § 2255); <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 507 (9th Cir. 1994); <u>Vanderlinden v. Koerner</u>, 2006 WL 1713929, *5 (D. Kan. June 21, 2006). Indeed, a traverse is nothing more than a reply brief, to which the Federal Rules of Civil Procedure and their supporting case law apply. Rules Governing § 2254 Cases, Rules 5, 11.  It is well settled in this circuit that the court need not consider arguments or issues first raised in a reply brief.  <u>United States v. Murray</u>, 82 F.3d 361, 363 n.3 (10th Cir. 1996); <u>Sadeghi v. I.N.S.</u>, 40 F.3d 1139, 1143 (10th Cir. 1994); <u>United States v. Tisdale</u>, 7 F.3d 957, 961 n.3 (10th Cir. 1993); <u>Boone v. Carlsbad Bancorporation, Inc.</u>, 972 F.2d 1545, 1554 n.6 (10th Cir. 1992); <u>Mountain Fuel Supply v. Reliance Ins. Co.</u>, 933 F.2d 882,

887 (10th Cir. 1991); United States v. Jenkins, 904 F.2d 549, 554 n.3 (10th Cir. 1990).

The wisdom of this rule is self-evident - respondents are denied an opportunity to address arguments first raised in a reply brief unless the court multiplies the proceedings to afford respondents the opportunity to file a sur-reply. See Jenkins, 904 F.2d at 554 n.3. This the court will not do.  Instead, the court orders that petitioner's traverse be STRICKEN.  Petitioner has until December 1, 2006 to file a proper reply that complies with the court's previous order. (Doc. 8.) Respondents' answer contains slightly more than one page of factual allegations.  (Doc. 13 at 4-5.)  Petitioner's reply shall admit or deny the facts contained in that section.  Petitioner shall not introduce new facts except as necessary to specifically rebut one or more of respondents' factual allegations.  The court has reviewed the answer and concludes that no new legal arguments are raised therein.  Accordingly, petitioner's reply shall contain no legal argument.  The reply shall not exceed three double-spaced pages. No extensions of time will be granted.

A motion for reconsideration of this order under Local Rule 7.3 is not encouraged.  The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was

briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

    IT IS SO ORDERED.

    Dated this <u>  17th  </u> day of November 2006, at Wichita, Kansas.

                                    <u>s/ Monti Belot   </u>
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE